STATE of Tennessee ex rel. Brenda HOCKETT, by her next friend, David Kozlowski, Plaintiff-Appellee,

v.

Sue M. HATLER, Superintendent of the Highland Rim School for Girls and C. Murray Henderson, Commissioner of the Tennessee Department of Correction, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

Dec. 2, 1977.

Certiorari Denied by Supreme Court March 6, 1978.

Andrew Shookhoff and David A. Kozlowski, Vanderbilt Legal Aid Clinic, Nashville, for plaintiff-appellee.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for defendants-appellants; Brooks McLemore, Atty. Gen., of counsel.

SHRIVER, Presiding Judge.

OPINION

This is an appeal of Sue M. Hatler, Superintendent of the Highland Rim School for Girls, and C. Murray Henderson, Commissioner of the Tennessee Department of Corrections, from the judgment of the Davidson County Chancery Court, C. Allen High, Chancellor, granting a petition for writ of habeas corpus as filed on behalf of Brenda Hockett, and ordering appellee released from the custody of the Department of Correction and remanded to the Davidson County Juvenile Court for further proceedings.

—The Proceedings Below—

A Petition for Writ of Habeas Corpus was filed in the Chancery Court of Davidson County on March 18, 1977 wherein it is averred that petitioner, Brenda Hockett, is a thirteen-year-old minor child confined at the Tennessee Reception and Guidance Center for Children where she was committed as an unruly child on her first appearance in the Juvenile Court before a Judge or Referee. She alleges that her confinement is, therefore, in violation of T.C.A. § 37–232 and petitioner seeks her immediate release.

Petitioner avers that she is a resident of Davidson County, Tennessee, and is presently in the custody of respondents at the Highland Rim School for Girls, Tullahoma, Tennessee; that Sue M. Hatler is Superintendent of the Highland Rim School for Girls, and under T.C.A. § 41–829, she has responsibility for and supervision over all juveniles committed to that institution; that C. Murray Henderson is Commissioner of the Tennessee Department of Corrections, and under T.C.A. § 41–827, has authority to supervise the acts of the Department's juvenile probation personnel, including the Highland Rim School for Girls.

It is averred that Brenda Hockett was committed to the Tennessee Department of Correction by a Davidson County Juvenile Court Referee on February 4, 1977, having been charged with being unruly and in violation of probation; that although several unruly petitions had been filed against her, at no time prior to February 4, 1977, did she appear before either the Juvenile Court Judge or Referee, but instead, on three occasions, March 12, 1976, October 1, 1976, and October 28, 1976, the "unruly" petitions were handled by informal conferences with State and Juvenile Court probation personnel and, as a result of these conferences, petitioner was placed on probation by her probation officer. At no time was she placed on probation by either the Juvenile Court Referee or Judge.

Petitioner, Brenda Hockett, avers that because she never appeared before the Juvenile Court Judge or Referee prior to her hearing on an unruly offense on February 4, 1977, her commitment to the Department of Correction at that hearing was in viola-

tion of T.C.A. § 37–232 which precludes commitment to the Department of Correction of children adjudicated to be unruly for the first time.

The prayers of the petition are for a writ of habeas corpus to issue and that petitioner be ordered discharged from custody, and for general relief, this being the first application for extraordinary process in this cause.

The response to the petition for writ of habeas corpus admits the statistical data set forth in the petition and asserts that the petitioner is not being unlawfully or wrongfully held in custody.

After a hearing on the petition for habeas corpus the Chancellor filed his Memorandum Opinion which is as follows:

*"MEMORANDUM*

Hockett, a thirteen-year-old, seeks release from the custody of the Tennessee Department of Corrections to which she was committed on February 4, 1977, by the Juvenile Court of Davidson County.

Jurisdiction over this petition for a writ of habeas corpus is conferred on this Court by T.C.A. § 23–1803.

Between March 12, 1976 and November 11, 1976, four petitions were filed in the Juvenile Court of Davidson County alleging Hockett to be an unruly child. These petitions were handled without an official hearing by the Court's Protective Service Unit. The Protective Service Unit referred Hockett to probation under the Youth Aid Bureau in November 1976.

On November 11, 1976 a probation officer filed a petition alleging Hockett to be a delinquent child by reason of violation of the rules of probation.

On February 4, 1977, Hockett made her first appearance in a Juvenile Court before a Judge or Referee. The Juvenile Court 'found the defendant to be guilty as charged, found her to be an unruly child pursuant to law, and further found her to be delinquent and found her to be in need of treatment and rehabilitation based on her previous record and testimony.'

To be adjudged delinquent, a child must be found to have committed the acts by reason of which she is alleged to be delinquent. T.C.A. § 37–229(b). The act alleged must be an act designated a crime under law. T.C.A. § 27–202(3) [37–202(3)].

Neither act alleged in the Delinquent Petition No. 1–76–8249 is designated a crime under law.

The determination that Hockett was delinquent is in violation of the Tennessee statute.

The acts alleged in all petitions filed in the Juvenile Court are acts for which Hockett might be adjudicated unruly under T.C.A. §§ 37–230, 37–232, 37–202(5).

T.C.A. § 37–232 precludes commitment to the Department of Correction as a disposition for a child found to be unruly for the first time.

Hockett's commitment to the Department of Correction is in violation of T.C.A. § 37–232.

An order should accordingly be drawn remanding petitioner to the Davidson County Juvenile Court.

/s/ C. Allen High
Chancellor

April 13, 1977."

–Assignment of Error–

There is a single assignment, as follows:

"The Chancellor erred in granting appellee's petition for writ of habeas corpus on the ground that appellee's commitment as an unruly child to the Department of Correction was in violation of T.C.A. § 37–232."

–Our Conclusions–

Section 27–232 [37–232] T.C.A., is as follows:

*"37–232. Unruly child–Disposition.*—If the child is found to be unruly the Court may make any disposition authorized for a delinquent child except commitment to the State Department of Correction. If after making the disposition the Court finds upon a further hearing that the child is not amenable to treatment or rehabilitation under the disposition made it may make a disposition otherwise authorized by § 37–231."

The Memorandum Opinion of the Chancellor which was implemented by a decree embodying the findings of fact substantially as set out in the memorandum precludes the necessity for further elaboration of the facts of this case which are substantially as set out in the petition for the writ of habeas corpus and as found by the Chancellor.

As is pointed out by counsel for the appellee, the appellants argue that the procedure followed by the Juvenile Court of Davidson County satisfied the legislative intent to treat and rehabilitate this child

but that this argument ignores the positive effect of an appearance before the Judge since a warning from a Judge after a hearing will certainly make a stronger impression on both the child and the parent than a mere informal discussion before a Probation Officer.

We agree with the contention of the appellee that informal procedures, while shown to be efficient in many cases, should not be used to circumvent constitutional and statutory due process and the provisions of the statutes designed for the protection and rehabilitation of juveniles.

We are satisfied that the Chancellor reached the right conclusion in this case and it results that the assignment of error is overruled and the judgment of the Chancellor is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.